UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JAHQUAN SPENCER, BERNADINE COOLEY,
S.S., Z.S1, Z.S2,

                    Plaintiffs,

    -against-

OMEGA LABORATORIES, INC., *et al*.,

                    Defendants.
-------------------------------------------------------------X

FILED
CLERK
10/22/2020 3:30 pm
For Online Publication Only
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
20-CV-3747 (JMA)(ARL)

**AZRACK, United States District Judge:**

      The Court's records reflect that the complaint in this action was filed on August 14, 2020. It is well-established that, as a general rule, a non-lawyer parent cannot bring suit on behalf of his or her minor children.  Berrios v. New York City Hous. Auth., 564 F.3d 130, 133 (2d Cir. 1999) (a non-attorney parent cannot appear on behalf of his or her child); see also Tindall v. Poultney High School Dist., 414 F.3d 281, 284 (2d Cir. 2005); Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990); see also Wenger v. Canastota Cent. Sch. Dist., 146 F.3d 123, 124 (2d Cir. 1998) (holding that a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child), overruled on other grounds by Winkelman v. Parma City Sch. Dist., 550 U.S. 516 (2007).  "The choice to appear pro se is not a true choice for minors who under state law, see Fed. R. Civ. P. 17(b), cannot determine their own legal actions." Tindall, 414 F.3d at 284 (citing Cheung, 906 F.2d at 61).

      District courts have a duty to enforce the rule against pro se representation of a child by his or her non-attorney parent sua sponte because "[t]he infant is always the ward of every court wherein his rights or property are brought into jeopardy, and is entitled to the most jealous care that no injustice be done to him." Wenger, 146 F.3d at 125 (internal citation and quotation marks omitted); see also Fayemi v. Bureau of Immigr. and Custom Enf't, No. 04-CV-1935, 2004 WL

1

1161532, at * 1 (E.D.N.Y. May 24, 2004) (holding that when it is apparent that a lay person is suing on behalf of a minor, the district court has a duty to protect the child by enforcing, sua sponte, the prohibition against unauthorized representation).

Accordingly, the pro se plaintiffs cannot represent their minor children in this case and plaintiffs are therefore directed to obtain counsel on behalf of their children and have counsel file a notice of appearance within thirty (30) days from the date of this order.  If plaintiffs do not obtain counsel to represent their children, the claims asserted on behalf of their children will be dismissed without prejudice.[1]

**SO ORDERED.**

Dated:  October 22, 2020
         Central Islip, New York

                                                    /s/ (JMA)
                                                JOAN M. AZRACK
                                                UNITED STATES DISTRICT JUDGE

---

[1] The Court has considered whether to appoint *pro bono* counsel to represent plaintiffs' children in this case.  Given the nature of the allegations and the substance of the complaint, the Court finds that such appointment is not warranted.